IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MALACHI SHABAZZ EL, a/k/a Richard Y. Thompson, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 11-055-GMS ) |
| FAMILY COURT OF THE STATE OF DELAWARE, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Malachi Shabazz El, also known as Richard Y. Thompson" ("Shabazz"),[1] of Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1981 and 1983 and the Freedom of Information Act, 5 U.S.C. § 552. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

While not clear, it appears that Shabazz filed this lawsuit because he is unhappy with the outcome of a Family Court case. Shabazz states that the "named defendants did use sovereign personal record to distort reality and keep him from bonding with his children." He has named as defendants the Family Court of the State of Delaware, CASA (i.e., Court Appointed Special Advocates for Children for the Family Court of the State of Delaware), Family Court Judge Barbara Crowell ("Judge Crowell"), Family Court Commissioner Jennifer Mayo ("Commissioner Mayo"), Family Court Judge Mark Buckworth ("Judge Buckworth"), Delaware Department of

---

[1] The plaintiff legally changed his name on December 8, 2010, from Richard Yarnold Thompson to Malachi Shaif Opadayeen Shabazz-El.

Justice Attorney for the Division of Family Services ("DFS") Craig Fitzgerald, DFS Master Family Service Specialist Meagan O'Brien ("O'Brien"), CASA attorney Janell Ostoski, CASA Coordinator Christine Parsell, psychologist Dr. Pedro Ferriern, psychologist Dr. Joseph Nadel,[2] and child advocate Beverly Flannigan.

Four exhibits shed light on Shabazz's complaints: (1) an October 29, 2007 review hearing order issued by Judge Crowell resolving issues of custody and visitation; (2) a January 31, 2008 letter from O'Brien that advised Shabazz the DFS intended to close his treatment case as unsuccessful and asked Shabazz to continue to work on his case plan to help benefit the future of his children; (3) a February 1, 2008 review hearing order issued by Judge Crowell resolving guardian and visitation issues; and (4) an order ruling on a motion to modify visitation, filed by guardian and maternal grandmother and entered by Commissioner Mayo on March 18, 2009. The March 18, 2009 order states that no evidence was presented to warrant a change and the father was advised that if wanted more visitation he needed to file to modify the visitation order. (D.I. 2.) Shabazz filed the instant complaint on January 14, 2011. (D.I. 2, 3.)

The civil cover sheet filed with the complaint indicates that the basis of jurisdiction is diversity, with three natures of suit: personal injury - med. malpractice; personal property other fraud; and other civil rights under the Americans with Disabilities Act. It states that this is an original proceeding, and the cause of action is based upon 18 U.S.C. § 1001 for conspiracy against civil rights, fraud, and violation of privacy. Ten days after filing the complaint, Shabazz filed an amended civil cover sheet that again indicates the basis of jurisdiction is diversity, but lists only one nature of suit - personal property other fraud. The amended civil cover sheet

---

[2]Misspelled on the court docket as Joseph "Wadell."

changes the origin of the case to "removed from State Court" but again states that the cause of action is based upon 18 U.S.C. § 1001 with the description changed to "defendants created a distorted version of reality." (D.I. 2, 5.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Shabazz proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.

3

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Shabazz leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Shabazz has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Shabazz's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The court finds the complaint frivolous for numerous reasons. Many of the defendants have Eleventh Amendment immunity. As is well-known, the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted).

The judicial defendants have judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted "in the clear absence of all jurisdiction." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The complaint fails to allege facts that demonstrate any of the judicial defendants acted either in the complete absence of jurisdiction or in a non-judicial (for example administrative) capacity with respect to Shabazz. Accordingly, the judicial defendants are entitled to absolute immunity from suit.

With regard to the § 1983 claims, some of the defendants are not state actors. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The complaint names private attorneys, private psychologists, and a volunteer child advocate. Quite simply, the foregoing defendants are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Shabazz invokes 42 U.S.C. § 1981 in the body of his complaint. Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). The complaint contains no such allegations.

While the civil cover sheet indicates that jurisdiction is based upon diversity, the parties are not diverse, and almost all appear to be residents of the State of Delaware. Pursuant to § 1332(a), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332(a). "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). The parties are not diverse and,

therefore, this court does not have jurisdiction over Shabazz's claims.

The complaint alleges that certain defendants were participants in a conspiracy. To state a conspiracy claim under § 1983, Shabazz must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. V. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)). The complaint fails to allege that Shabazz was actually deprived of any federally protected right. Nor does it contain facts from which one could infer that any combination of named defendants had an understanding or agreement to conspire against Shabazz.

To the extent that Shabazz seeks to bring criminal charges pursuant to 18 U.S.C. § 1001, the claim fails. Individual citizens do not have a constitutional right to the prosecution of alleged criminals. *Capogrosso v. The Supreme Court of New Jersey*, 5988 F. 3d at 184 (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Notably, Shabazz does not have a private cause of action against the defendants under 18 U.S.C. § 1001, a criminal statute. *Slewion v. Venema*, No. 10-3302, 2011 WL 913188, at *2 (3d. Cir. Mar. 17, 2011) (slip op.)

To the extent that Shabazz challenges the judgment or decisions of the Family Court of the State of Delaware, this court lacks jurisdiction over the matter. The *Rooker-Feldman* doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court

adjudication. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, to the extent that Shabazz seeks to have this court invalidate the orders of the Family Court of the State of Delaware, it lacked jurisdiction to do so.

Similarly, to the extent that there is currently pending an action in State Court, the *Younger* abstention doctrine applies. *Younger* abstention is appropriate when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992). It appears from allegations in the complaint that proceedings regarding visitation and child custody may have been pending in state court when Shabazz filed suit in federal court. In addition, "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). There is no indication that Shabazz is unable to raise his claims and obtain relief in the state proceedings. Finally, there is no indication here "of bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

Finally, it seems that after filing the complaint, Shabazz decided that this was a removal case. (*See* D.I. 5, amended civil cover sheet.) In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of

citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted). Shabazz does not indicate under which removal statute he proceeds. Regardless, he failed to comply with the requisites for removal. *See* 28 U.S.C. § 1446(a).

The allegations in the complaint are conclusory and fail to recite factual allegations sufficient to raise Shabazz's claimed right to relief beyond the level of mere speculation. Moreover, many defendants are immune from suit, others are not state actors, and all allegations simply do not rise to the level of a violation of any statute. Finally, it is far from clear that this court has jurisdiction. Accordingly, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

August 10, 2011
Wilmington, Delaware